1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VERNON RAY WILLIAMS,                     No.  2:18-cv-0989 MCE AC P

12              Petitioner,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   ROBERT NEUSCHMID,

15              Respondent.

16

17        Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court

18   are respondent's motion to dismiss and petitioner's motion for discovery and for personnel

19   records.  ECF Nos. 16, 23.  In an unsolicited surreply opposing the motion to dismiss, petitioner

20   requests a stay of these proceedings pending exhaustion of state court remedies.  ECF No. 21 at 2.

21   For the reasons stated below, petitioner's motion for discovery will be denied.  In addition, the

22   undersigned will recommend that petitioner's motion to stay these proceedings be denied and that

23   respondent's motion to dismiss be granted.

24        I.        BACKGROUND

25        On March 4, 2015, petitioner was convicted of corporal injury to a spouse or cohabitant in

26   violation of California Penal Code § 273.5(a) and of assault causing great bodily injury in

27   violation of California Penal Code § 243(d).  See ECF No. 18-1 at 1.  Enhancements charged,

28   including one for a previous conviction, were found to be true.  See id.  On April 24, 2015,

                                              1

1    petitioner was sentenced to serve nineteen years in state prison.  See ECF No. 18-1 at 1-2.

2        II.      PROCEDURAL HISTORY

3            A.      State Post-Conviction Proceedings[1]

4            Petitioner appealed his conviction to the California Court of Appeal.  The appeal appears

5    to have raised two claims: [2] (1) that the trial court erred in denying his motion for a mistrial based

6    upon juror misconduct, and (2) that the trial court erred when it failed to instruct the jury sua

7    sponte on the elements of stalking.  See ECF No. 18-2 at 2.  In March 2017, the state appellate

8    court affirmed the trial court judgment.  See id. at 1, 9.  On or around April 20, 2017, petitioner

9    filed a petition for review in the California Supreme Court.  ECF No. 18-3.  The petition

10   presented a single claim: that the trial court had denied petitioner his right to an impartial jury

11   when it failed to grant his motion for a mistrial based upon juror misconduct.  See id. at 15-27.

12   On May 24, 2017, the California Supreme Court summarily denied the petition for review.  ECF

13   No. 18-4.

14           Respondent represents here that petitioner filed a single application for state collateral

15   relief, a habeas petition that was submitted to the superior court.[3]  See ECF No. 16 at 2, n.1.

16   Petitioner has provided a copy of the superior court's decision denying the petition, which is

17   ////

18   ////

19

20   [1] Respondent failed to lodge the complete state court record on appeal, explaining that the
     appellate briefing does "not bare [sic] on exhaustion, the basis of this motion to dismiss."  ECF
21   No. 16 at 2 n.1.  Counsel is reminded that Rule 5 of the Rules Governing § 2254 Cases requires
     respondent to file with the answer briefs submitted in appellate courts by petitioner and the
22   prosecution as well as court opinions and dispositive orders.  See Rules Governing § 2254 Cases,
     Rule 5(b), (d)(1)-(3).  Although this requirement may not apply with full force when a motion to
23   dismiss is filed in lieu of an answer, questions of exhaustion often do require judicial review of
     the entire state court post-conviction record and the undersigned prefers as a general matter to
24   have the entire record.
     [2] Because respondent did not provide petitioner's brief on appeal, the claims raised are gleaned
25   from the opinion of the California Court of Appeal.  See generally ECF No. 18-2.
     [3] Respondent did not lodge a copy of the state habeas petition with this court.  Although the
26   undersigned well understands that only petitions filed in the state's highest court have the effect
     of exhausting claims, the best practice in federal habeas is for respondent to provide all state post-
27   conviction applications and resulting orders.
28

1    dated January 8, 2018.[4]  <u>See</u> ECF No. 19 at 7-9.  Petitioner did not seek further review of his

2    collateral claims.

3            B.    <u>Federal Proceedings</u>

4            On April 23, 2018, the petition was docketed.  ECF No. 1.  It presents the following

5    claims:  (1) prosecutorial misconduct for withholding evidence that Sacramento County Police

6    Officer John Tennis, the key prosecution witness, had a domestic violence charge in his

7    background; (2) unconstitutional failure to disclose the facts that in 2014, around the time Officer

8    Tennis appeared at petitioner's preliminary hearing, he had been arrested for a DUI and that in

9    2017, the Sacramento County Police Department terminated him; (3) improper imposition of one

10   of the sentencing enhancements given that the words "serious" and "great" essentially connote the

11   same degree of bodily injury; (4) failure to submit to a jury the factual determination that any

12   charged offenses were serious ones; and (5) trial court failure to properly assess the violent and/or

13   felony nature of petitioner's two strike priors.  <u>Id.</u> at 5-12.

14           The petition itself acknowledges that the alleged withholding of evidence, as well as

15   Claims Three and Four, have not previously been presented to any court.  <u>See</u> ECF No. 1 at 13.

16   Petitioner states that these claims were not previously presented due to "lack of knowledge and

17   resources."  <u>See</u> <u>id.</u>

18           On October 11, 2019, respondent filed the instant motion to dismiss and lodged related

19   state court documents.  ECF Nos. 16, 18.  Petitioner's opposition was filed on November 1, 2019.

20   ECF No. 19.  Respondent filed a reply on November 15, 2019, and on December 4, 2019,

21   petitioner filed a document that the court has construed as a surreply.  <u>See</u> ECF Nos. 20, 21.

22   III.    <u>MOTION TO DISMISS</u>

23           Respondent contends that the only claim petitioner has presented to the California

24   Supreme Court was his direct appeal issue regarding juror misconduct.  Because none of the

---

[4]  The superior court decision indicates that that petitioner argued: (1) that his rights were violated
when the prosecution failed to disclose the domestic violence and DUI information about Officer
Tennis, and (2) that other newly discovered evidence about Officer Tennis related to his
involvement in a shooting and his employment status at the Sacramento Police Department was
newly discovered evidence to be considered.  <u>See</u> ECF No. 19 at 7-9.

3

1   claims included in the federal petition were ever presented to the state's highest court, respondent

2   argues that the petition is wholly unexhausted and therefore must be dismissed.

3      In opposition, petitioner relies primarily on the habeas petition that was presented to the

4   Sacramento County Superior Court.  He attaches a copy of the first page of that petition, along

5   with the order denying relief.  See ECF No. 19 at 6-9.  These attachments show that petitioner

6   raised two claims: (1) that the prosecutor failed to disclose Officer Tennis' 2012 domestic

7   violence charge and his 2014 DUI, and (2) that new evidence of Officer Tennis's involvement in

8   a 2016 fatal shooting should be considered by the court.  See id. at 7-9.  Petitioner also argues to

9   this court that both his trial and appellate counsel provided ineffective assistance.  Id. at 3-5.  He

10   attaches a letter from appellate counsel informing him that he is "free to pursue a federal district

11   court petition for writ of habeas corpus."  Id. at 10.

12      Respondent's reply reiterates that none of the federal claims were included in the petition

13   for review, nor presented in a habeas petition to the California Supreme Court, and therefore none

14   are exhausted.  Petitioner's unauthorized surreply does not substantively contest non-exhaustion.

15   Instead, petitioner argues that all five claims in the federal petition are true; that his allegations

16   about Officer Tennis are true; that the prosecution withheld exculpatory evidence; and that his

17   sentence was improperly calculated.  Petitioner also asks that the court order a stay of these

18   proceedings, presumably so he can return to state court and exhaust the claims in the instant

19   petition.  See ECF No. 21 at 2.

20   IV.  DISCUSSION

21      A.   Applicable Law

22      A state prisoner must exhaust his state court remedies before a federal court may consider

23   granting habeas corpus relief.  28 U.S.C. § 2254(b)(1); see Cullen v. Pinholster, 563 U.S. 170,

24   182 (2011); Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc).  A petitioner

25   satisfies the exhaustion requirement by providing the highest state court with a full and fair

26   opportunity to consider all claims before presenting them to the federal court.  O'Sullivan v.

27   Boerckel, 526 U.S. 838, 845 (1999); Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

28   Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

1    B.    Analysis

2          1.    The Federal Petition Is Wholly Unexhausted

3    Respondent is correct that petitioner's failure to have presented the claims of the federal

4    petition to the California Supreme Court renders the petition wholly unexhausted.  Petitioner does

5    not dispute that his only California Supreme Court challenge to his conviction was the petition for

6    review.  It raised a single claim, juror misconduct, that is not included in the federal petition.  The

7    California Supreme Court clearly was not provided a full and fair opportunity to consider the five

8    claims of the federal petition, none of which were presented to it.  Accordingly, the petition is

9    wholly unexhausted and must be dismissed.  See Jimenez v. Rice, 276 F.3d 478, 481 (9th Cir.

10   2001); Greenawalt v. Stewart, 104 F.3d 1268, 1274 (9th Cir. 1997).

11         2.    A Stay is Not Appropriate

12   Petitioner's request for a stay is included in an unauthorized surreply rather than being

13   properly presented by motion, but the undersigned will nonetheless consider the matter.  Rhines

14   v. Weber, 544 U.S. 269 (2005) governs stays of petitions that are wholly unexhausted.  See Mena

15   v. Long, 813 F.3d 907, 910 (9th Cir. 2016).  To obtain a stay, petitioner must show (1) good

16   cause for failure to have exhausted all claims in state court prior to filing the federal petition; (2)

17   the potential merit of the unexhausted claims; and (3) diligence in pursuing the claims.  Rhines,

18   544 U.S. at 277-78; see Jackson v. Roe, 425 F.3d 654, 660-61 (9th Cir. 2005).

19   Petitioner makes no effort to present any of the Rhines factors to the court, and the record

20   indicates that any attempt to do so would be futile.  Petitioner's opposition to dismissal provides

21   no reason for having failed to exhaust, and his statement in the petition that the claims were not

22   exhausted due to "lack of knowledge and resources" (ECF No. 1 at 13) does not constitute good

23   cause.  See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (ignorance or confusion

24   about exhaustion status of claims not "good cause"); Torres v. McDowell, 292 F. Supp. 3d 983,

25   988 (C.D. Cal. 2017) (no "good cause" for failure to pursue state claims beyond superior court

26   where petitioner lacked legal understanding of process).

27   To the extent that petitioner relies on his appellate lawyer's correspondence, stating upon

28   conclusion of direct appeal that petitioner was "free to pursue a federal district court petition for

1   writ of habeas corpus," ECF No. 19 at 10, counsel did not make any erroneous representations

2   regarding exhaustion.  Indeed, counsel provided no affirmative information about federal habeas

3   practice, procedure, or prerequisites.  Accordingly, nothing in the letter even arguably rises to the

4   level of ineffective assistance of counsel that might demonstrate cause under Rhines.  Compare

5   Blake v. Baker, 745 F.3d 977 (9th Cir. 2014) (factually supported claim of ineffective assistance

6   of counsel in capital post-conviction proceedings can support cause under Rhines for having

7   failed to exhaust claims that trial counsel presented deficient mitigation case).  Here, the

8   correspondence from counsel is consistent with petitioner's asserted lack of knowledge of the

9   exhaustion requirement—which is inadequate as a matter of law to support cause under Rhines—

10  but not consistent with ineffective appellate representation.  Accordingly, here as in Wooten the

11  asserted lack of knowledge is inadequate.

12          Furthermore, it does not appear that petitioner's unexhausted claims are potentially

13  meritorious.  Even if Officer Tennis had been arrested for domestic violence or DUI prior to

14  giving testimony in petitioner's case, as alleged, those incidents would not have been admissible

15  to impeach him and therefore could not be considered material under Brady v. Maryland, 373

16  U.S. 83, 87 (1963) and progeny.  Officer Tennis's involvement in a fatal shooting and his

17  termination from employment are alleged to have occurred *after* petitioner's trial, so they cannot

18  be relevant to the constitutionality of petitioner's conviction.  Claims Three through Five present

19  questions of state law—regarding sentencing and statutory interpretation—which cannot support

20  federal habeas relief.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas relief does

21  not lie for errors of state law); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas

22  relief is unavailable for alleged error in the interpretation or application of state law); Miller v.

23  Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a

24  deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions

25  [because it] is a question of state sentencing law").  For these various reasons, the Rhines

26  standard is not met and a stay pending exhaustion would constitute an abuse of discretion.  See

27  Rhines, 544 U.S. at 277 (grant of stay abuses discretion if unexhausted claims are meritless).

28  ////

V.       MOTION FOR DISCOVERY AND FOR PERSONNEL RECORDS

Petitioner seeks compelled disclosure of records documenting Officer Tennis' alleged domestic violence and DUI history and any other citizen's complaint made against him.  See ECF No. 23 at 1-2.  Even if the undersigned were not recommending dismissal, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  In order to obtain leave to conduct discovery, a petitioner must make specific factual allegations demonstrating that there is good reason to believe that the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief.  See id. at 908-09.  Rule 6 of the Federal Rules Governing Section 2254 Cases, however, does not allow for fishing expeditions and unsupported speculative theories do not warrant discovery.  See id.; see also Harris v. Johnson, 81 F.3d 535, 540 (5th Cir. 1996).  Petitioner falls far short of satisfying the Rule 6 standard.

Federal habeas is generally not a forum for the development and presentation of evidence in the first instance.  See Cullen v. Pinholster, 563 U.S. 170, 186 (2011) ("Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so.").  Petitioner's discovery motion is moot in light of the below recommendation for dismissal, and it would be denied on the merits for lack of good cause even if the case were not subject to dismissal.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for discovery and for personnel records (ECF No. 23) is DENIED.

IT IS FURTHER RECOMMENDED that:

1.  Petitioner's request to stay this matter while he returns to state court to exhaust his claims (see ECF No. 21 at 2) be DENIED;

2.  Respondent's motion to dismiss (ECF No. 16) be GRANTED, and

3.  The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days

1   after being served with these findings and recommendations, any party may file written

2   objections with the court and serve a copy on all parties.  Such a document should be captioned

3   "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

4   he shall also address whether a certificate of appealability should issue and, if so, why and as to

5   which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed

6   within seven days after service of the objections.  The parties are advised that failure to file

7   objections within the specified time may waive the right to appeal the District Court's order.

8   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: September 29, 2021

10

11  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28